United States Courts
Southern District of Texas
FILED

OCT 11 2016

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO: |
| | § | **16 CR 0460** |
| LISA YVETTE COFFMAN | § | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

### FALSE STATEMENT REGARDING FEDERAL WORKERS' COMPENSATION BENEFITS
### 18 U.S.C. § 1920

From on or about November 15, 2011 and continuing through on or about May 4, 2016, in the Houston Division of the Southern District of Texas and elsewhere, the Defendant,

**LISA YVETTE COFFMAN**

with intent to defraud, did knowingly and willfully make false, fictitious and fraudulent representations for receipt of compensation or other benefit or payment under subchapter I and III of chapter 81 of Title 5, specifically did file false Form 957 reports with the Department of Labor, Office of Workers' Compensation Program, in connection with the receipt of medically-related travel benefits to which the defendant was not entitled, specifically money and funds in excess of $1,000, all in violation of Title 18, United States Code, Section 1920 (18 U.S.C. § 1920).

## COUNT TWO
### Theft of Public Funds
### 18 U.S.C. § 641

From on or about November 15, 2011 and continuing through on or about May 4, 2016, in the Houston Division of the Southern District of Texas and elsewhere, the Defendant,

### LISA YVETTE COFFMAN

did willfully and knowingly embezzle, steal, convert and purloin money from the Department of Labor, a department or agency of the United States, specifically money and funds in excess of $1,000 related to Workers' Compensation Disability Benefits Travel Reimbursements, to which the defendant was not entitled, all in violation of Title 18, United States Code, Section 641 (18 U.S.C. § 641).

### NOTICE OF CRIMINAL FORFEITURE
### 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the Defendant, that in the event of conviction of the offenses charged in Counts 1 and 2 of this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

### Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture in the approximate value of $46,916.48.

### Substitute Assets

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of Defendant,

(A) Cannot be located upon the exercise of due diligence;

(B) Has been transferred or sold to, or deposited with, a third party;

(C) Has been place beyond the jurisdiction of the court;

(D) Has been substantially diminished in value; or

(E) Has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREMAN OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

BY: *Jennie J. Basile*
Jennie L. Basile
Assistant United States Attorney
713-567-9393