# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **CRIMINAL NO: H-16-460** |
| | § | |
| v. | § | **JUDGE MELINDA HARMON** |
| **LISA YVETTE COFFMAN,** | § | |
| Defendant | § | |

## UNITED STATES'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

The United States of America, by and through Ryan K. Patrick, United States Attorney, and Jennie L. Basile and Charlie Escher, Assistant United States Attorneys for the Southern District of Texas, submits the following proposed preliminary jury instructions.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

*/s/ Jennie L. Basile*
JENNIE L. BASILE
CHARLIE ESCHER
Assistant United States Attorneys
U.S. Attorney's Office, S.D. Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9000

**PRELIMINARY INSTRUCTIONS**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

*Duty of the jury:*

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

*Evidence:*

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If

you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

*Rules for criminal cases:*

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First: the defendant is presumed innocent until proven guilty.  The indictment brought by the United States against the defendant is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

Second: the burden of proof is on the United States until the very end of the case. The defendant has no burden to prove his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third: the United States must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

*Summary of applicable law:*

In this case the defendant is charged with one count of making a false statement to obtain federal employees' compensation in violation of Title 18 United States Code, Section 1920; and one count of Title 18, United States Code, Section 641, which makes it a crime for anyone to embezzle, steal, knowingly convert any money, property, or thing of value belonging to the United States having an aggregate value of more than $1,000.00. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the United States must prove beyond a reasonable doubt to make its case.

**COUNT ONE**

Title 18, United States Code, Section 1920, makes it a crime to make a false statement to obtain federal employees' compensation. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

First, that the defendant knowingly and willfully made or used a false statement or report knowing the false statement or report contained a false, fictitious, or fraudulent statement or entry;

Second, that the report was material;

Third, that the defendant did so in connection with the application for or receipt of compensation or other benefit or payment under Title 5, United States Code, Section 8101 *et. seq.*; and

Fourth, that the amount of the compensation, benefit, or payment exceeded $1,000.00.

Pattern Jury Instruction for Federal Criminal Cases, District of South Carolina, 4th Circuit, 2018 online edition, pgs. 330-331.


LAW REGULATING TRANSPORTATION COSTS TO OBTAIN MEDICAL TREATMENT

The employee is entitled to reimbursement of reasonable and necessary expenses, including transportation needed to obtain authorized medical services, appliances or supplies. To determine what is a reasonable distance to travel, the Officer of Workers Compensation Programs (OWCP) will consider the availability of services, the employee's condition, and the means of transportation. Generally, a roundtrip distance of ups to 100 miles is considered reasonable distance to travel. Travel should be undertaken by the shortest route.

The standard form designated for medical travel refund requests is OWCP-957 and must be used to seek reimbursement for travel costs.

Title 5, U.S.C. § 8101 *et. seq.*; 20 C.F.R. §10.315, §§(a) and (d) (effective: August 29, 2011)

**COUNT TWO**

Title 18, United States Code, Section 641, makes it a crime for anyone to embezzle, steal, knowingly convert any money, property, or thing of value belonging to the United States having an aggregate value of more than $1,000.00. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

First: That the money described in the indictment belonged to the United States government and had a value in excess of $1,000.00

Second: That the defendant embezzled, stole, or knowingly converted such money to the defendant's own use; and

Third: That the defendant did so knowingly and willfully and with specific intent to deprive the owner of the use of the money.

It is not necessary to prove that the defendant knew that the United States government owned the property at the time of wrongful taking.

To "embezzle" means to wrongfully, intentionally take money, property, or thing of value of another after the money, property, or thing of value has lawfully come within the possession of the person taking it.

To "steal" or "knowingly convert means to wrongfully take money, property, or thing of value belonging to another with the intent to deprive the owner of its use or benefit either temporarily or permanently. Any appreciable change of the location of the property with the intent to deprive constitutes a stealing whether or not there is an actual removal of it from the owner's premises.

<u>Pattern Jury Instruction, Criminal Cases</u>, U.S. Fifth Circuit, District Judge Association, No. 2.27 (2015), modified.

### *Conduct of the jury:*

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

*Course of the trial:*

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the United States will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but

does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The United States will then present its witnesses, and counsel for the defendant may cross-examine them.  Following the United States's case, the defendant may, if he wishes, present witnesses whom the United States may cross-examine.  If the defendant decides to present evidence, the United States may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law.  After that, you will retire to deliberate on your verdict.

The trial will now begin.


<u>Pattern Jury Instruction, Criminal Cases</u>, U.S. Fifth Circuit, District Judge Association, No. 1.01 (2015).